**U.S. BANCORP
and Subsidiaries,**
*Plaintiff,*

*v.*

**DEPARTMENT OF REVENUE,**
*Defendant.*

(TC 4531)

Oral argument on Plaintiff's Motion for Partial Summary Judgment was held June 6, 2001, in the courtroom of the Oregon Tax Court, Salem.

William S. Manne, Miller Nash, Portland, filed the motion and argued the cause for Plaintiff (taxpayer).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Plaintiff rendered September 19, 2001.

## CARL N. BYERS, Senior Judge.

Plaintiff (taxpayer) appeals the assessment of additional corporate excise taxes for 1984 through 1992. The additional taxes are attributable to Defendant Department of Revenue (the department) including intangible personal property in the property factor of the apportionment formula. Taxpayer moves for partial summary judgment on the ground that as a matter of law, the department has no authority to include intangibles. The court has considered the written and oral arguments of the parties.

### FACTS

Taxpayer is a unitary financial organization doing business in Oregon and in other states. Its net income is determined under ORS 314.280(1),[1] which states:

> "If a taxpayer has income from business activity as a financial organization * * * which is taxable both within and without this state * * * the determination of net income shall be based upon the business activity within the state, and the department shall have power to permit or require either the segregated method of reporting or the apportionment method of reporting, under rules and regulations adopted by the department, so as fairly and accurately to reflect the net income of the business done within the state."

The department has exercised its delegated power and adopted a number of administrative rules. Most of those rules incorporate by reference rules adopted to implement the Uniform Division of Income for Tax Purposes Act (UDITPA). For example, OAR 150-314.280-(C) adopts by reference OAR 150-314.615-(A). If a taxpayer has business

---

[1] All references to the Oregon Revised Statutes are to 1989.

activity both within and without the state of Oregon, the latter rule indicates that the first step is to determine which portion of its income is business income. The rule then indicates that business income is apportioned according to the usual three-factor formula. OAR 150-314.615-(D), also incorporated by reference, indicates that "[w]here the taxpayer's Oregon business activities are part of a unitary business carried on both within and without the state, use of the apportionment method is mandatory * * *."

OAR 150-314.280-(E) specifically addresses financial organizations. Subparagraph (2) provides that for a financial organization, the three factors shall be payroll, property, and gross revenue. Subparagraph (3) defines "property" as "real and tangible personal property used in the business."

It appears that taxpayer reported its unitary income and apportioned it in accordance with those rules. The department audited taxpayer's returns. The auditor was aware that the Supreme Court had recently addressed the relationship between ORS 314.280 and the UDITPA statutes. ORS 314.610 through ORS 314.670. *See Fisher Broadcasting, Inc. v. Dept. of Rev.*, 321 Or 341, 898 P2d 1333 (1995). In that case, the court found that the legislature intended to retain the differences between the two approaches and therefore held that OAR 150-314.280-(I) (1983), which incorporated by reference the provision of OAR 150-314.670-(A) (1983), exceeded the department's authority. *Id.* at 354-55. Based on that case, the auditor here concluded that if adjusting the property factor by including intangible personal property resulted in a more fair and accurate apportionment of taxpayer's income, he was required to do so. Thus, the auditor adjusted taxpayer's returns, assessed additional tax, and this appeal followed.

## ISSUE

Does the department have the authority to require the inclusion of intangible personal property in the property factor if such inclusion results in a more fair and accurate apportionment of net income?

## ANALYSIS

This court must begin as always by examining the statute. To do so, the court first looks to the text and context to determine legislative intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). The pertinent portion of ORS 314.280(1) states:

> "[T]he department shall have power to permit or require [either of two methods] * * * under rules and regulations adopted by the department * * *."

■■ From that language it seems clear that the legislature intended to delegate legislative power to the department. *See Equitable Savings & Loan v. Dept. of Rev.*, 5 OTR 661, 674 (1974). That power is to be exercised by the promulgation of rules and regulations. In *Fisher*, the Supreme Court quoted some of the early rules adopted by the Oregon State Tax Commission, the department's predecessor. *See* 321 Or at 351-52. Those rules indicated it was a "must" that a unitary business use the apportionment method of reporting. Or Tax Reg 314.280(1)-(B) (1965); *see also Fisher*, 321 Or at 352. If not a unitary business and not required to file under that regulation, then the business taxpayer "must" use the segregated method. Or Tax Reg 314.280(1)-(A) (1965). *See also Fisher*, 321 Or at 352.

As suggested, ORS 314.280 has a relatively long history for a tax law. The corporate excise tax was created by the 1929 Legislature. *See generally* Or Laws 1929, ch 427. In *Hines Lumber Co. v. Galloway*, 175 Or 524, 154 P2d 539 (1944), the court construed section 110-1507, the initial form of ORS 314.280, noting that the tax commission was given authority to make recommendations or rules for the apportionment of income. In *Equitable Savings & Loan v. Tax Com.*, 251 Or 70, 78, 444 P2d 916 (1968), the Supreme Court indicated that the commission was given the authority to promulgate regulations to accomplish the apportionment of the unitary income of a corporation and had done so since at least 1938.

After these many years, the department appears to disavow the effect of its own rules on two grounds. First, the department contends that such rules are not intended to be

applied without exception. The department asserts that because OAR 150-314.280-(E) is entitled "Apportionment Factors Generally" and because the rule indicates that "ordinarily" the three factors shall be used, it is not intended to be a fixed rule. The department apparently believes that it can vary from its own rules for any taxpayer not considered "ordinary" or "general." No language in the rules provides for such exceptions. That position is taken by the department based on its interpretation of its own rules.

The court notes that in OAR 150-314.280-(E), subparagraphs (1), (7), (8), and (9) each indicate that the rule in that subparagraph is "ordinarily" applied. Under general rules of construction, the absence of "ordinary" in the other subparagraphs would evidence an intent of no exceptions. The word "ordinarily" is not used in subparagraphs (2) and (3), the subparagraphs that apply to taxpayer in this case. Therefore, even assuming some exceptions are intended under the rule, it appears that no exceptions are intended for the subparagraphs applicable in this case.

There is a more significant problem with the department's position. If the department can vary from its own rules at will on an ad-hoc basis, it emasculates the condition imposed by the legislature. The power granted to the department is to be exercised "under rules and regulations." ORS 314.280(1). The department would have the statute read "as the department determines necessary" rather than "under rules and regulations." That interpretation is unacceptable and contrary to the intent of the legislature.

The department's second ground for attacking or disavowing its own rules appears to be based on a misinterpretation of *Fisher*. *Fisher* held that the department exceeded its authority by adopting a rule making the three-factor apportionment method presumptively the method that must be used. 321 Or at 359. In view of that holding, the department now asserts that its rules are not binding, and if they are binding, they are invalid. The department states:

> "The defendant has never had authority to make the composition of a factor or apportionment formula mandatory for a utility or financial company, irrespective of

whether it results in an accurate apportionment of net income."

■ The department reasons that in order to maintain "flexibility," the legislature intended that the department have authority to modify factors on a case-by-case basis. That is clearly contrary to the wording and intent of ORS 314.280. The "flexibility" referred to by the Supreme Court in *Fisher* was the possibility of using either the segregated method or the apportionment method. *See* 321 Or at 341. There was no suggestion in that case that the department has authority to modify either a method or its factors on an ad-hoc basis.

■ The authority granted to the department by ORS 314.280 is clearly conditioned. It is to be exercised by the promulgation of rules and regulations. In accordance with the statute, the department promulgated OAR 150-314.280-(E), which provides that the property factor is composed of real and tangible personal property. Taxpayer apparently filed its return in compliance with that rule. If the department can later, on an ad-hoc basis, change the rule, the statutory condition becomes meaningless and the rule itself is meaningless.

■ The department has adopted a new rule, OAR 150-314.280-(M), effective as of December 31, 1995. That rule was adopted in response to *Fisher* and indicates that the department may require an alternative method of apportionment in any case in which it determines that the usual method is not accurate. However, that rule was not expressly made retroactive and therefore will not be applied by the court to the years in question. *See AT&T v. Dept. of Rev.*, 15 OTR 202 (2000). Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is granted. Costs to neither party.